# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAULINE TOURVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1227 PLC |
| | ) |
| EXAM ONE/QUEST DIAGNOSTICS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *E.g.*, *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, for alleged age discrimination and retaliation. Plaintiff attached to her complaint her

right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated March 20, 2018. Plaintiff filed this lawsuit on July 25, 2018.

A plaintiff in a Title VII and ADEA action has ninety days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a). Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). Plaintiff's ninety-day period from the date of her receipt of her EEOC right-to-sue letter elapsed on approximately Monday, June 18, 2018. Plaintiff filed her suit approximately thirty-seven days after the ninety-day period ended. As a result, the complaint appears to be time-barred.

Plaintiff attaches to her complaint a medical record, which includes plaintiff's handwritten notation stating that she had open-heart surgery on April 23, 2018. The medical record itself does not reflect plaintiff having received open-heart surgery on April 23, 2018, but rather indicates she had a follow-up appointment on May 29, 2018. Regardless, plaintiff had more than one month after receiving her EEOC right-to-sue letter and before her open-heart surgery to file her complaint, and approximately two months after her surgery to file her complaint.

The ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989). Equitable tolling is reserved for "circumstances which were truly beyond the control of the plaintiff." *Id.* at 1124 & n.2. Generally, equitable tolling is "applied where a party acts diligently, only to find [herself] caught up on an arcane procedural snare." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006).

Based on plaintiff's complaint and attached medical record, the Court is disinclined to find plaintiff's ninety-day limitation period should be equitably tolled to allow her to file her Title VII

and ADEA claims more than a month late. Because plaintiff is pro se, however, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Memorandum and Order**, why this case should not be dismissed as time-barred.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of August, 2018